IN THE UNITED STATES DISTRICT COURT OF KANSAS

LEVI LOVE,
    **Petitioner,**

VS.                                          Case no. 22-3276-JWL-JPO

DAN SCHNURR ET. AL.,
    **Defendants.**

## MEMORANDUM IN SUPPORT
28 U.S C. §2241

COMES NOW, Mr. Love pursuant to **28 U.S C. §2241 ( a )** bringing this said matter before this Honorable Federal Court.

**Reasons:**

**5-26-20,** Mr. Love filed **19-121774-A** Informa Pauperis, being indigent. As Mr. Love also filed Informa Pauperis in the District Court of Reno - **18CV352** being indigent. Mr. Love has also filed informa pauperis in this **28 U.S C. §2241** concerning the same matter being indigent. <u>Two of the Claims</u> were / are "**undecided**" by the State Appellate courts. Meaning they '**waived**' their chance to decide. Giving this federal court full jurisdiction to decide and order accordingly as to these claims as well.

1. ) Kansas Appellate Court's decision filed **2-26-21** erroneously denied Mr. Love's K. S. A. 60-1501 <u>claiming Mr. Love did not file the grievance within 15 days</u> of Discovery.

**K. A. R. § 44-15-101b.** <u>Time limit for filing grievance</u> states: <u>Grievances shall be filed within 15 days **from the date of the discovery of the event** giving rise to the grievance, excluding Saturdays, Sundays and holidays.</u> **No grievance, regardless of time of discovery, shall be filed later than one year** 'after' the event.

This is the <u>sole and only reason to deny</u>. The Kansas Appellate courts avoided and <u>refused to</u>

1

decide ISSUE ONE & ISSUE TWO.

2.) **5-7-21**, Mr. Love filed his Petition For Review in the Kansas Supreme Court. **5-10-21**, Chief Justice Marla Luckert ordered that Mr. Love's Petition For Review be granted as **timely** under **Kansas Supreme Court Administrative Order 2021 - PR - 020.**

3.) Mr. Love **upon first discovery 10-5-17** filed his grievance **7-27-18**, "**No later than one year**" pursuant to **K. A. R. 44-15-101b**. Mr. Love filed a timely grievance so the erroneous decision of the lower Kansas courts shall be reversed. Considering, that the Kansas courts had the chance to hear and rule in case no. **19-121774-A ( 18CV352 )** this Hon. federal court has full jurisdiction to rule on ISSUES ONE & TWO in Mr. Love's Brief ( 19-121774-A ) granting Mr. Love his requested relief. The Kansas Appeal & Supreme Court 'waived' their chance to rule or respond to ISSUE ONE & TWO in this federal district court also. These issues are:

ISSUE TWO: Mr. Love successfully exhausted K. D. O. C.'s Administrative remedies via the grievance procedure **within one year upon first discovering** he lost a protected liberty interest without due process of the law etc., when K. D. O. C. ( K. P. B. ) illegally changed his sentence from what was pronounced from the bench by Hon. Judge Franklin R. Theis.

ISSUE THREE: From the date the Administrative proceedings were final from the Secretary of Correction's ( his designee's ) final decision as K. D. O. C.'s final decisionmaker Mr. Love successfully filed his K. S. A. 60-1501 on time into the Reno County District Court within the '30 day' time limit.

State and federal law clearly states the sentence that is pronounced from the bench by any judge is law. The Kansas Parole Board ( Prison Review Board ) **does not have the power to change Mr. Love's sentence like it did in '2005'**. Even if, the journal entry is wrong *this court shall order the journal entry to be corrected to reflect what Judge Theis pronounced from the bench 12-19-97*.

2

**State v. Potts**, 304 Kan. 687:
HN16\I " Corrections, Modifications & Reductions, Clerical Errors
A <u>criminal sentence is effective when pronounced from the bench at the sentencing hearing; it does not derive its effectiveness from the journal entry</u>. Therefore, <u>a journal entry that imposes a sentence that varies from the sentence pronounced from the bench is erroneous and must be corrected to reflect the actual sentence imposed</u>.

Levi argued also **Libel / fraud** which is K. S. A. 60-513 & K. S. A. 60-514. So, the <u>**1 year / 2 year time limit started from 10-5-17 upon first discovery** of fraud / libel</u>. The Kansas Parole Board ( KDOC ) is illegally taking good time from Levi against K. S. A. 22-3717 ( b ) ( 2 ) and by the parole board illgally paroling Levi in '2005' from murder ( indeterminate ) over to the att. murder ( determinate ) sentence in 97CR878,

( Also Fraud / libel is KDOC posting this 'lie' to the public on it's website Kasper. com ) <u>when the sentences were ran 'concurrent' making the sentences ONLY one sentence</u>. Even, the decision ( decision attached ) of **2-26-21** to affirm by the Kansas Appeals Court is fraud / libel. Warden Schnurr's **8-5-17** letter to Levi and UTS M. Lamb **8-15-18** Grievance response ( in Appendix of Brief **19-121774-A** ); Jon Graves; Kansas Appeals & Kansas Supreme Court erroneously all agree 816 months ( att. murder ) is Levi earliest release date and erroneously agree 816 months controls Levi prison portion. Erroneously saying 816 months is longer than life and that Levi has no P. E. date. And erroneously stated good time can be taken from Levi against K. S. A. 22-3717 ( b ) ( 2 ) ( fraud / libel ).

<u>**When its' all on KDOC records and even in KDOC's Sentencing Computation's Counselor Michelle Sullivan's 7-25-05 / 7-27-05 letter to Levi . Stating that life controls Levi's prison portion etc., and Levi has a P. E. date of 11-13-22 without deduction of any good time credits pursuant to K. S. A. 22-3717 ( b ) ( 2 )**</u>. H. C. F. forced Levi to do a grievance; go to Reno County in a K. S. A. 60-1501 and do an appeal out of spite. <u>**HCF had the truth on record all along.**</u>

**ISSUE ONE:** Mr. Love lost a protected liberty interest without due process of law by KDOC ( K. P. B. ) changeing Mr. Love's sentence from what the Hon. Franklin R. Theis pronounced from the bench 12-19-97. KDOC also violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and §10 of the Kansas Bill of Rights for the Kansas Parole Board 'played judge' and 'resentenced' Mr. Love 'eliminating' Mr. Love's P. E. date of 25yrs. 'Eliminating' Mr. Love's chance of being released back into society in 25yrs and KDOC started taking good time credits against K. S. A. 22-3717 ( b ) ( 2 ). Which did not reduce or modify anything; it made Mr. Love's 'concurrent' sentence harsher by making Mr. Love's sentences 'consecutive'.

**This claim can easily be verified by looking at KDOC's Website Kasper.com showing only Att. Murder as Mr. Love's sentence.** 68yrs is not Mr. Love' sentence. Life was ran **'concurrent'** to 68yrs. **Making ONE SENTENCE.** Law states Life ( w / 25yrs P. E. date ) is Mr. Love's controlling sentence. Where's the murder that control under K. S. A. 22-3717 ( b ) ( 2 )? It fools the public into thinking that Mr. Love has no P. E. date etc., and it is a pure false hood. Same as the appellate judges 'fabricated' in its' ruling for all 'public' to read ( LIBEL ) that Mr. Love's appellate brief was unreadable ( sloppy ) which is not true. This belittled Mr. Love before the public. Mr. Love is a Paralegal ( doing law over 25yrs ) graduating with 97.74% grade point average. Mr. Love also type very good etc., following legal directives very well.

WHEREFORE, this Honorable Federal court shall by law grant the relief that Levi requested in Kansas Appellate Court case no. 19-121774-A. **8-10-98** Levi was passed ( paroled ) from **90CR1488** ( pursuant to **Sentate Bill 552** ). Levi stayed in jail from **3-24-97 - 2-13-98** when the court ordered the Sheriff to transport Levi to prison. So, 25yrs from 8-10-98 with jail time credits is **8-28-22**. *Levi's P. E. date has long passed.* Whether Levi was in jail or in prison. Time does not stop and it was not dead-time. Levi shall get all time owed to him credited. This court shall order Levi's **immediate** release for such deliberate violation of Levi's rights.

4

Also, this Hon. Federal District Court shall take **Judicial Notice** that Mr. Love filed his **Nunc Pro Tunc** 3-23-22 to correct 'many' errors in the erroneous journal entry of 2-13-98 ( **including the fact Mr. Love's actual P. E. date is 8-28-22 that has long past** ). Judge Ossmann refused to correct any errors. Stating the erroneous journal entry of 2-13-98 was correct but 'admitted' in his order ( **September 2022** ) that Mr. Love does have a P. E. date 11-19-22 and K. D. O. C. knows this fact as reflected in KDOC's Inmate Data Summary Sheet 7-27-05 / 7-25-05 letter from Sentencing **Computation Unit Counselor Ms. Michelle Sullivan.** Mr. Love made Judge Ossmann's order known to HCF. **Then all of a sudden HCF did not have amnesia about Mr. Love having a P. E. date 11-19-22**. After, refusing to grant Mr. Love's grievance; forcing Mr. Love to file a K. S. A. 60-1501; then file into the appellate courts who also knew Mr. Love was absolutely correct about having a P. E. date and that KDOC violated several of Mr. Love's constitutional rights.

Yet, the Kansas Appellate court refused to grant Mr. Love's K. S. A. 60-1507 saying Mr. Love did not file the grievance within 15days which was an excuse to deny Mr. Love his federal constitutional rights etc.

Mr. Love lost monies filing in all these different places when KDOC knew Mr. Love was correct about having a P. E. date from the start. Then they rushed a hearing to try to make it look good as if they did no wrong. Mr. Love lost monies and could have been in a lower custody years ago and was slandered ( libel ) on KDOC's Kasper Website for years. Mr. Love has high blood pressure etc., for stressing etc., behind KDOC ( Parole board's ) deceit ( fraud ). **Attached is evidence from H. C. F. I. P. O. Ms. Eckert** proving 100% that HCF had rushed a Prison Review

5

Board hearing for Mr. Love 10-19-22. Further, evidence from **Mr. Simeon of HCF records** prove that HCF knew about the 11-13-22 P. E. date. Attached is Two pg's ( #2 & #4 ) **from Judge Ossmann's Order**. ( still pending in district court ) HCF deliberately took good time from Mr. Love against K. S. A. 22-3717 ( b ) ( 2 ) and kept Mr. Love in Max under fraudulent pretenses etc.

Respectfully submitted:

_Levi Love_
Lawyer's Assistant / Paralegal / Author

### CERTIFICATE OF SERVICE

I, state that this was e-filed to Clerk of the United States District Court from HCF by Librarian Kathyrn Androski and I sent one copy to HCF AG. Jon Graves - HCF P.O. Box 1568 - Hutchinson KS.

and one copy to: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

on this 10th day of 25th 2022.

Respectfully submitted:

_Levi Love_
Lawyer's Assistant / Paralegal / Author

* See **Appellate Brief w / appendix** ( full of evidence ) **filed in the Kansas Appellate Court case no. 19-121774-A**

*4-29-22 Mr. Love ( filed **3-25-22** Mailbox Rule ) filed pursuant to K. S. A. 22-3504 ( b ) **to correct errors on record** in the appellate brief ( 19-121774-A ). At Pg # 31 etc., **by error**.
28 U. S. C. § 1983; 28 U. S. C. § 1985; 28 U. S. C. § 1986; 28 U. S. C. § 1988 was typed - **instead of 42 U. S. C. § 1983; 42 U. S. C. § 1985; 42 U. S. C. § 1986; 42 U. S. C. § 1988 etc.**

However, **on Pg. #31** of the **Appellate Brief** ( 19-121774-A ) **Levi qoutes Vanderpool V. Cline**, 2017 Kan. App. Unpub. LEXIS proving 100% Mr. Love meant to put 42 U. S. C. § 1983 etc.,
( **not 28 U. S. C.** ) **to preserve and not waive / abandon** his future 42 U. S. C. § 1983 etc., claims for monetary damages **can not** be awarded in any habeas corpus or in this
28 U. S. C. § 2241.

6