IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEVI LOVE,

      **Petitioner,**

      v.                                    CASE NO.  22-3276-JWL-JPO

**DAN SCHNURR, Warden,**
Hutchinson Correctional Facility,

      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas.  The Court grants Petitioner leave to proceed in forma pauperis.  Petitioner challenges the calculation of his sentence and his loss of good conduct time.  The Court has examined the record and finds that a responsive pleading is required.

Petitioner has also filed a Motion for Counsel (Doc. 4), seeking the appointment of counsel and an "immediate evidentiary hearing." (Doc. 4, at 2.)  To the extent Petitioner seeks an evidentiary hearing, the request is denied.  The Court, in its discretion, may apply the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, to habeas petitions filed under § 2241.  *See* Rule 1(b), Rules Governing Habeas Corpus Cases.  Rule 8 provides that "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a

movant's claim." *Pittman v. Fox*, 766 F. App'x 705, 723 (10th Cir. 2019) (quoting *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004)).

Petitioner seeks an evidentiary hearing, but fails to address what testimony would support his claim. The Court denies the request for an immediate evidentiary hearing. The Court finds that an evidentiary hearing is not warranted at this time.

The Court also denies Petitioner's request for appointment of counsel. Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the discretion of the court. *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not warranted, appointment of counsel is not required. *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases, Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted. *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.").

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Counsel (Doc. 4) and request for an immediate evidentiary hearing are **denied.**

**IT IS FURTHER ORDERED** that Respondent is hereby required to show cause on or before **November 28, 2022**, why the writ should not be granted; that Petitioner is granted until **December 28, 2022**, to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

Copies of this Order shall be transmitted to the parties and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated October 27, 2022, in Kansas City, Kansas.**

<u>S/   John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**