IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEVI LOVE,**

      **Petitioner,**

      v.                                     **CASE NO. 22-3276-JWL-JPO**

**DAN SCHNURR, Warden,**
**Hutchinson Correctional Facility,**

      **Respondent.**

### MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Petitioner leave to proceed in forma pauperis. Petitioner challenges the calculation of his sentence and his loss of good conduct time. The Court examined the record and ordered the Respondent to show cause why the writ should not be granted. (Doc. 5.) This matter is before the Court on Petitioner's Motion for Injunctive Relief (Doc. 6).

Petitioner alleges that he is being retaliated against by HCF for filing his § 2241 petition. (Doc. 6, at 1.) Petitioner alleges that he received a disciplinary report "for exercising the form 9 and grievance process to exhaust administrative remedies to further bring other constitutional violation claims"; was called "the leader of the Crips without any evidence and without any due process hearing"; and was labeled "a threat to women without any evidence." *Id*. Petitioner claims that he is seeking injunctive relief to prevent irreparable damages because when an inmate receives a disciplinary report that is false, "that inmate will still be found guilty and punished." *Id*. at 2. Petitioner references a future § 1983 action he intends to file after he has exhausted his

administrative remedies. *Id*. at 3. Although it is unclear, Petitioner seems to be seeking injunctive relief in order to halt his disciplinary proceedings or to prevent HCF from making him look bad. *Id*.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Petitioner believes that he will be found guilty at his upcoming disciplinary hearing. His allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting

the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Petitioner, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Id.*; *see also Hicks v. Jones*, 332 F. App'x 505, 507–08 (10th Cir. 2009) (affirming denial of injunctive relief where movant sought relief on "a matter lying wholly outside the issues in [his] suit"). This action is a petition for a writ of habeas corpus based on the calculation of Petitioner's sentence. Retaliation claims relate to a prisoner's conditions of confinement and must be asserted in a civil rights action under 42 U.S.C. § 1983. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). According to Petitioner, he is in the process of exhausting his administrative remedies to enable him to bring such a § 1983 action.

The Court finds that Petitioner has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Injunctive Relief (Doc. 6) is **denied.**

**IT IS SO ORDERED**.

**Dated November 17, 2022, in Kansas City, Kansas.**

           <u>S/ John W. Lungstrum</u>
           JOHN W. LUNGSTRUM
           UNITED STATES DISTRICT JUDGE