## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEVI LOVE,

      Petitioner,

      v.                           CASE NO.  22-3276-JWL-JPO

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

      Respondent.

### MEMORANDUM AND ORDER

This matter is a pro se petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").  The Court granted Petitioner leave to proceed in forma pauperis.  Petitioner challenges the calculation of his sentence and his loss of good conduct time.  The Court examined the record and ordered the Respondent to show cause why the writ should not be granted.  (Doc. 5.)  This matter is before the Court on Petitioner's Motion for an Immediate Mandatory, Permanent, and Prohibitory Injunction (Doc. 12).

Respondent's deadline to submit an answer is January 27, 2023.   The Court has previously denied Plaintiff's request for injunctive relief.  (Doc. 7.)  Plaintiff's current motion seeks a mandatory injunction against the Kansas Parole Board, now referred to as the Prison Review Board.  (Doc. 12, at 1.)   Petitioner argues that the Board rendered a fraudulent decision and took good time credits from Petitioner.  Petitioner argues that the Board passed Petitioner for three years based on a disciplinary report that was later dismissed.  *Id*. at 3.   Petitioner also argues that he should be released based upon previously-granted parole.  *Id*. at 4.   Petitioner

seeks his immediate release and states that he will submit his arguments again in his traverse "while on parole out in society." *Id.*

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation. 18 U.S.C. § 3626(a)(2). Finally, a mandatory preliminary injunction, such as the one sought by Petitioner, which requires the non-moving

party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251. Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

The court in *Teague v. Crow* found that:

> There are three types of disfavored preliminary injunctions: (1) injunctions that disturb the status quo, (2) injunctions that are mandatory rather than prohibitory, and (3) injunctions that provide the movant substantially all the relief it could feasibly attain after a full trial on the merits. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005). Petitioner's requested preliminary injunction would both disturb the status quo (releasing him from confinement), and is "mandatory" because it would affirmatively require the nonmovants to act in a particular way and, as a result, would place this Court in a position of ongoing supervision. *Id.* at 1261; *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). So, he must make a "heightened showing" on all four elements and a "strong showing" both on likelihood of success on the merits and on the balance of harms to obtain this disfavored relief. *Brooks v. Colo. Dep't of Corr.*, 730 F. App'x 628, 630-32 (10th Cir. 2018). The Court must "more closely scrutinize[ ] [the request] to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Schrier*, 427 F.3d at 1259 (internal quotation marks omitted).

*Teague v. Crow*, 2020 WL 4210513, at *2 (W.D. Okla. June 24, 2020), *adopted* 2020 WL 4208941 (W.D. Okla. July 22, 2020).

Petitioner is seeking a mandatory, permanent injunction. This is the same relief he would be afforded if his Petition is granted. He seeks to be immediately released and indicates that he will submit his traverse after his release. Because the Respondent has been ordered to submit an answer by January 27, 2023, the Court finds that a permanent injunction is not warranted at this

time.  The Court will consider Petitioner's arguments set forth in his motion, along with his traverse, in determining whether he is entitled to relief.

The Court finds that Petitioner has not met his burden to make a heightened showing that entry of a permanent injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for an Immediate Mandatory, Permanent, and Prohibitory Injunction (Doc. 12) is **denied.**

**IT IS SO ORDERED**.

**Dated January 10, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**