IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEVI LOVE,

    Petitioner,

    v.                                          CASE NO. 22-3276-JWL

DAN SCHNURR, Warden,
Hutchinson Correctional Facility,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas. The Court granted Petitioner leave to proceed in forma pauperis. On June 30, 2023, the Court entered a Memorandum and Order (Doc. 29) and Judgment (Doc. 30) denying the Petition for writ of habeas corpus. This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment (Doc 31), Motion for 60 Days Continuance (Doc. 32), and Motion for Recusal (Doc. 33).

**I. Motion for Recusal**

Petitioner argues that the undersigned was involved in Petitioner's prior case, Case No. 05-3481, and "deceitfully done [sic] a minute order taking Judge Crow off the case placing [Judge] Murguia so Mr. Love did not get release for false arrest etc." (Doc. 33, at 1.) Petitioner also argues that the undersigned failed to grant Petitioner "a full evidentiary hearing to further prove his claims . . . " in this case. *Id*. Petitioner argues that another judge should rule on his motion to alter or amend judgment.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Petitioner does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–

51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960.  A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'"  *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).  "The goal of section 455(a) is to avoid even the appearance of partiality."  *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations.  *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993).  "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."  *Id.* (quoting *Cooley*, 1 F.3d at 993).  "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."  *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."  *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)).  A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is."  *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted).  Judges have a duty to sit when there is no legitimate reason to recuse.  *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351.  Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay.  *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto

3

power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

Petitioner argues that the undersigned denied his motion for an evidentiary hearing in this case. The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

Petitioner argues that the undersigned was involved in his prior case—Case No. 05-3481. Petitioner argues that the undersigned reassigned the case from Judge Crow to Judge Murguia. However, at that time it was common practice to reassign cases that were fully briefed and the undersigned was not involved in that process in Case No. 05-3481. *See Love v. Roberts*, Case No. 05-3481, Doc. 27 (D. Kan. Aug. 9, 2006) (Minute Order reassigning case signed by the Deputy Clerk). The only involvement the undersigned had in that case, was the issuance of an Order on June 25, 2007, responding to Petitioner's correspondence to the undersigned as Chief Judge. *Id*. at Doc. 36. Petitioner lodged a complaint about his case and the undersigned responded that a chief judge does not have express or implied authority to take action in litigation which has been assigned to another judge of the court and remains pending before that judicial officer. *Id*. at 2 (stating that "[t]he relief sought by [Petitioner] would require an intrusion into the administration of an action pending before another judicial officer. Accordingly, no formal action will be taken upon the correspondence directed to the Chief Judge.").

4

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Petitioner's request for the undersigned to recuse is denied.

**II. Motion for Extension of Time**

Petitioner seeks a 60-day extension of time regarding his motion to alter or amend the Court's judgment. Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment." *See* Fed. R. Civ. P. 59(e). "The time for doing so is short—28 days from entry of the judgment, with no possibility of an extension." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (citing Fed. R. Civ. P. 6(b)(2) (prohibiting extensions to Rule 59(e)'s deadline)). "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* (citation omitted); *see also United States v. Zook*, 2022 WL 17438062, at *2 (10th Cir. 2022) (unpublished) (stating that "Rule 59(e)'s time period 'is triggered by *entry of the judgment*,' not by service, and Rule 6(b)(2) prohibits a court from extending Rule 59(e)'s time period") (citing *Parker v. Bd. of Public Utilities*, 77 F.3d 1289, 1291 (10th Cir. 1996)). Because Fed. R. Civ. P. 6(b)(2) prohibits the Court from extending the time period in Rule 59(e), Petitioner's motion is denied.

**III. Motion to Alter or Amend**

Petitioner seeks to have the Court alter or amend its June 30, 2023 judgment. Petitioner argues that the Court did not understand Petitioner's argument that he was only given one sentence that ran concurrently. (Doc. 31, at 1.) Petitioner argues that because he was "paroled"

in his prior sentence (90-CR-1488) there are no consecutive sentences involved. *Id*. Petitioner argues that his life sentence and his 68-yr. sentence are to run concurrently. *Id*. The Court understood Petitioner's argument, and found that despite the two sentences in Case No. 97-CR-878 running concurrently, Petitioner failed to show that his sentence was being improperly calculated. The Court also found that Petitioner failed to demonstrate cause and actual prejudice excusing his procedural default.

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Petitioner does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Petitioner has failed to meet the standard required for this Court to alter or amend its June 30, 2023 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Recusal (Doc. 33) is **denied.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for 60 Days Continuance (Doc. 32) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Doc 31) is **denied.**

**IT IS SO ORDERED**.

Dated July 10, 2023, in Kansas City, Kansas.

                                                   **S/ John W. Lungstrum**
                                                   **JOHN W. LUNGSTRUM**
                                                   **UNITED STATES DISTRICT JUDGE**