IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEVI LOVE,

      **Petitioner,**

      v.                                         CASE NO. 22-3276-JWL

**DAN SCHNURR, Warden,**
**Hutchinson Correctional Facility,**

      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Hutchinson Correctional Facility in Hutchinson, Kansas. On June 30, 2023, the Court entered a Memorandum and Order (Doc. 29) and Judgment (Doc. 30) denying the Petition for writ of habeas corpus. On July 10, 2023, the Court entered a Memorandum and Order (Doc. 34) denying Petitioner's Motion to Alter or Amend Judgment, Motion to Recuse, and Motion for Continuance. On July 28, 2023, the Court entered a Memorandum and Order (Doc. 36) denying Petitioner's Motion for Rehearing.

Petitioner filed a Motion for Leave to Appeal In Forma Pauperis (Doc. 37) on August 17, 2023. Because the Court had not received a notice of appeal from Petitioner, the Court denied the motion without prejudice on August 18, 2023. (Doc. 38.) On August 22, 2023, the Court docketed Petitioner's Notice of Appeal (Doc. 39). Petitioner also filed a statement of indigency (Doc. 40) and a motion to appoint counsel (Doc. 41). Because the Court has now received Petitioner's Notice of Appeal, the Court will reconsider Petitioner's motion for leave to appeal in forma pauperis.

The Court will direct Petitioner to show cause why the motion to proceed on appeal in forma pauperis should not be denied for failure to provide the information required by Fed. R. App. P. 24(a).  Federal Appellate Rule 24(a) requires a party who desires to appeal in forma pauperis to file a motion in the district court.  *See* Fed. R. App. P. 24(a)(1).  Under that rule, the moving party must file an affidavit that shows the party's inability to pay and that states the issues that the party intends to present on appeal.  *See id*.  In addition, 28 U.S.C. § 1915 provides that an appeal may not be taken in forma pauperis "if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Thus, "[i]n order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Petitioner has not stated the issues that he intends to present on appeal – in either his notice of appeal or in his motion to proceed in forma pauperis on appeal – as required. Therefore, the Court cannot determine whether the appeal is taken in good faith under the standard set forth above.  Petitioner must remedy these deficiencies before the Court may rule on the instant motion.

Petitioner has also filed a motion to appoint counsel.  The Tenth Circuit has characterized a motion for appointment of counsel as concerning a collateral matter properly considered by a federal district court even when filed after a notice of appeal. *West v. Ortiz*, 2007 WL 706924, *5 n.5 (10th Cir. Mar. 9, 2007) (unpublished).

Petitioner has no constitutional right to counsel in a federal habeas corpus action.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Akers*, 807 F. App'x 861, 867 (10th Cir. 2020) (unpublished) ("There is no constitutional right to counsel beyond the direct

appeal of a criminal conviction."). A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The decision to appoint counsel is left to the sound discretion of the district court." *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) (citation omitted).

Petitioner does not set forth any arguments as to why appointment of counsel is warranted in this case. *See* Doc. 41. The Court determines that the interests of justice do not warrant appointment of counsel to assist Petitioner in pursuing his appeal. The motion to appoint counsel is denied.

**IT IS THEREFORE ORDERED** that Petitioner is required to show cause on or before **September 15, 2023**, why the motion to proceed on appeal in forma pauperis (Doc. 37) should not be denied for failure to provide the required information as set forth herein.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (Doc. 41) is **denied.**

**IT IS SO ORDERED**.

**Dated August 28, 2023, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
